**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELYN MCKAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:** 1:15-cv-7970 |
| | ) | |
| **v.** | ) | **Hon. Judge:**____________ |
| | ) | |
| **VITAS HEALTHCARE CORPORATION OF ILLINOIS,** | ) | |
| | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES Jacquelyn McKay ("Plaintiff") by and through her undersigned counsel of record, upon personal knowledge as to those allegations in which she possesses upon information and belief as to all other matters, and complaining against Vitas Healthcare Corporation of Illinois ("Defendant"), and in doing so, states as follows:

### Introduction

1. This is a case about Defendant's blatant violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*. ("IHRA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 623, in connection with Plaintiff's former employment with Defendant.

2. Plaintiff suffers from serious medical conditions/impairments including Tinnitus, which causes ringing in her ears and hearing problems. Plaintiff's medical impairments are within the meaning of "disability/handicap" (hereinafter, collectively "disability"), under the ADA and the IHRA.

3. Plaintiff is a qualified individual with a disability in that she could perform the essential functions of her job with or without reasonable accommodations.

4. However, Defendant discriminated against Plaintiff on the basis of her disability throughout her employment, refused to provide reasonable accommodations for Plaintiff in connection to her employment, harassed and created a hostile work environment for Plaintiff based on her disability, and retaliated against Plaintiff.

5. Ultimately, Defendant terminated Plaintiff on the basis of her disability, need for accommodations, and/or based on her reports of disability discrimination and harassment.

6. Plaintiff brings this Complaint against Defendant seeking damages and injunctive relief from Defendant for disability discrimination, harassment, hostile work environment, and retaliation pursuant to the ADA and IHRA.

7. Plaintiff has suffered severe and egregious injuries and damages as a direct and proximate result of Defendant's unlawful conduct alleged herein.

**PARTIES**

8. Plaintiff is a qualified individual with a disability under the ADA and IHRA and/or perceived as disabled by Defendants. Plaintiff was employed as a secretary for Defendants from 2002 through the date of her termination, June 6, 2014. Plaintiff was employed by Defendant.

9. Defendant Vitas Healthcare Corp of Illinois is a hospice and palliative care provider in the Chicago area. The company is incorporated in the state of Delaware and has a registered business agent in Springfield, Illinois. Defendant Vitas Healthcare Corp of Illinois does business within the Northern District of Illinois.

**Procedural History**

10. Plaintiff timely filed a Charge of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") on December 10, 2014. The Charge of Discrimination is attached hereto as Exhibit A.

11. The EEOC issued Plaintiff a Notice of Right to Sue letter on June 16, 2015. The Notice of Right to Sue letter is attached hereto as Exhibit B.

12. Plaintiff has properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving her Notice of Right to Sue letters from the EEOC.

**Jurisdiction and Venue**

13. The Court has proper jurisdiction to this matter pursuant to 28 U.S.C. §§ 1331, 1658, 2201 and 2202. This suit is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. The Court has pendent jurisdiction over the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*. claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this case under 28 U.S.C. § 1391(B) and (C) because Defendant Vitas Healthcare Corp of IL has offices in the Northern District of Illinois. Defendant Vitas Healthcare Corp of IL has also engaged in conduct in the Northern District of Illinois adversely affecting Plaintiff.

**General Allegations**

15. Plaintiff incorporates by reference all of the allegations contained in the attached Charge of Discrimination filed by Plaintiff. Exhibit A.

16. All allegations contained herein are pled in the alternative to the extent necessary for proper construction under the law.

17. Plaintiff is sixty-eight (68) years old and was born July 6, 1947.

18. Plaintiff was a secretary with Defendant Vitas Healthcare Corporation of Illinois from in or around December 2002 through her termination on or about June 6, 2014.

19. Plaintiff was a qualified, competent and dedicated employee who met Defendant's legitimate business expectations.

20. Plaintiff has a diagnosis of Tinnitus.

21. Plaintiff's Tinnitus is a serious medical condition or impairment (disability). Plaintiff has a record of her disability, is regarded as having a serious disability, and the disability substantially limits one or more major life activities.

22. Plaintiff could perform all of the essential functions of her job while working for Defendant, with or without a reasonable accommodation.

23. Plaintiff notified and kept Defendant informed of her disability and need for reasonable accommodations at all times throughout her employment.

24. Defendant discriminated, harassed and/or retaliated against Plaintiff in a way that adversely affected the opportunities and/or status of Plaintiff based on her disability, in violation of the ADA, including but not limited to:

a. Throughout the course of her employment, numerous employees made harassing comments about Plaintiff's disability, on a repeated basis, including, but not limited to comments such as, "you don't hear half of what goes on around here anyway", and "deaf ears";

b. Defendant's employees would tease her about her hearing, be sarcastic when she would ask them to repeat themselves and pound their desks when she would ask them to repeat themselves;

c. Plaintiff made numerous verbal complaints about the disability harassment, hostile work environment and discrimination;

d. On or about April 25, 2014, Plaintiff complained about the disability discrimination, harassment and hostile work environment by email;

e. Within several weeks of making a formal complaint about the discrimination, harassment and hostile work environment, Defendant terminated Plaintiff on June 6, 2014;

f. Defendant terminated Plaintiff due to her disability and in retaliation for engaging in the protected activity of reporting disability discrimination, harassment or hostile work environment;

g. Defendant told Plaintiff that she was being let-go because Defendant was “reducing to three teams, from four.” However, Plaintiff was the most senior of the secretaries, the only disabled secretary and the only one who had engaged in the protected activity of reporting unlawful discrimination, harassment and retaliation. Moreover, Defendant kept the non-disabled secretaries, including Christina Saldana, who was one of the grossest offenders in harassing Plaintiff about her disability;

h. Defendant treated Plaintiff differently/worse than similarly situated non-disabled employees in the terms, conditions and responsibilities of her employment;

i. Defendant refused to transfer Plaintiff to other locations where there were open secretarial positions and instead, hired non-disabled individuals for those positions. Defendant failed to provide Plaintiff with preferential

reassignment, in violation of the ADA;

j. Failed to engage in an interactive process to determine if reasonable accommodations could be made to the known disabilities of Plaintiff; and

k. Upon information and belief, Defendant has replaced Plaintiff with a non-disabled individual.

25. On or about April 25, 2014, Plaintiff complained by email of disability discrimination and harassment in the workplace based on her disability.

26. Despite Plaintiff's complaint of discrimination, Defendant took no action to investigate, prevent, mitigate, remediate, stop or otherwise address the discrimination.

27. Defendant treated Plaintiff differently than similarly situated secretarial employees that were significantly younger and/or under the age of forty (40) years old, including: (1) Christina Saldana – early 30's; (2) Heather McFall – late 30's/early 40's; and (3) Pam Gerstmeyer – late 40's. The discriminatory conduct based on age included, however was not limited to, the following:

a. Defendant gave preferential treatment to younger, less qualified employees;

b. Defendant disciplined and scrutinized the work of Plaintiff more harshly than similarly situated younger employees, and/or employees under forty (40) years of age;

c. Defendant unlawfully terminated Plaintiff because of her age;

d. Defendant refused to transfer Plaintiff to open secretarial positions at other locations because of her age. Upon information and belief, Defendant filled those open secretarial positions with much younger individuals; and

e. Defendant otherwise treated Plaintiff differently and less favorably than significantly younger and/or employees less than forty (40) years old.

28. On or about June 6, 2014, Defendant terminated Plaintiff based on her disability and/or based on her complaints/reports of disability discrimination or harassment.

29. There is no legitimate, non-discriminatory/non-retaliatory basis for Defendant's discriminatory/retaliatory treatment of Plaintiff, including termination.

30. Defendant was aware that the illegal and discriminatory actions described herein violated state and federal law. Defendant knowingly and intentionally violated state and federal law.

31. As a direct and proximate result of Defendant's discrimination, Plaintiff suffered severe and egregious injury and damages.

## CAUSES OF ACTION

## COUNT I

**Discrimination in violation of the Americans with Disabilities Act**
**42 U.S.C. § 12112(b)(1)**

32. Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

33. At all relevant times, Plaintiff was an employee for Defendant.

34. At all relevant times, Defendant was an employer subject to the ADA.

35. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

36. Defendant discriminated against Plaintiff because of her disability as alleged herein.

37. Defendant's conduct violated the ADA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

**COUNT II**

**Retaliation in violation of the Americans with Disabilities Act**
**42 U.S.C. § 12112(b)(1)**

38. Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

39. At all relevant times, Plaintiff was an employee for Defendant.

40. At all relevant times, Defendant was an employer subject to the ADA.

41. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

42. Defendant retaliated against Plaintiff for engaging in the protected activity of reporting and complaining about disability harassment, hostile work environment, and/or discrimination in violation the ADA, as alleged herein.

43. Defendant's conduct violated the ADA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

**COUNT III**

**Harassment/ Hostile Work Environment in violation of the Americans with Disabilities Act**
**42 U.S.C. § 12112(b)(1)**

44. Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

45. At all relevant times, Plaintiff was an employee for Defendant.

46. At all relevant times, Defendant was an employer subject to the ADA.

47. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

48. Plaintiff was subjected to harassment and/or hostile work environment as alleged herein.

49. The conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive.

50. At the time the conduct occurred, Plaintiff believed that the conduct made her work environment hostile or abusive.

51. Defendant knew or should have known about the conduct.

52. Defendant did not take reasonable steps correct the situation.

53. Defendant's conduct violated the ADA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

**Count IV**

**Discrimination in violation of the Illinois Human Rights Act**
**775 ILCS 5/2-102**

54. Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

55. At all relevant times, Plaintiff was an employee for Defendant.

56. At all relevant times, Defendant was an employer subject to the IHRA.

57. Plaintiff's medical impairments constitute a handicap/"disability" within the meaning of the IHRA.

58. Defendant discriminated against Plaintiff based on her disability in violation of the IHRA, as alleged herein.

59. Defendant's conduct violated the IHRA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

**Count V**

**Harassment/ Hostile Work Environment in violation of the Illinois Human Rights Act**
**775 ILCS 5/2-102**

60. Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

61. At all relevant times, Plaintiff was an employee for Defendant.

62. At all relevant times, Defendant was an employer subject to the IHRA.

63. Plaintiff's medical impairments constitute a handicap/"disability" within the meaning of the IHRA.

64. Plaintiff was subjected to harassment and/or hostile work environment as alleged herein.

65. The conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive.

66. At the time the conduct occurred, Plaintiff believed that the conduct made her work environment hostile or abusive.

67. Defendant knew or should have known about the conduct.

68. Defendant did not take reasonable steps correct the situation.

69. Defendant harassed and created a hostile work environment against Plaintiff based on her disability in violation of the IHRA, as alleged herein.

70. Defendant's conduct violated the IHRA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

**Count VI**

**Retaliation in violation of the Illinois Human Rights Act**
**775 ILCS 5/2-102**

71. Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

72. At all relevant times, Plaintiff was an employee for Defendant.

73. At all relevant times, Defendant was an employer subject to the IHRA.

74. Plaintiff's medical impairments constitute a handicap/"disability" within the meaning of the IHRA.

75. Defendant retaliated against Plaintiff for engaging in the protected activity of reporting and complaining about disability harassment, hostile work environment, and/or discrimination in violation of the IHRA, as alleged herein.

76. Defendant's conduct violated the IHRA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

**Count VII**

**Discrimination in violation of the Age Discrimination in Employment Act of 1967**
**29 U.S.C. § 623**

77. Plaintiff was a qualified, competent, and dedicated employee that was discriminated against and terminated because of her age, as alleged herein.

78. The age discrimination occurred on an ongoing basis and culminated with Defendant unlawfully terminating Plaintiff because of her age on June 6, 2014.

79. Defendant intended to discriminate against Plaintiff in the terms, conditions, and responsibilities of Plaintiff's employment with Defendant.

80. Defendant permitted, ratified, allowed, encouraged, and knowingly engaged in continuous and ongoing age discrimination.

81. Defendant's actions were intentional and malicious. The discriminatory conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by Defendant.

82. Plaintiff has suffered severe and egregious injury as a direct and proximate result of Defendant's unlawful and discriminatory conduct on the basis of her age. Plaintiff suffered, among other injuries, depression and other related medical problems, lost wages, emotional distress, and other monetary and non-monetary injuries.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant as follows:

a. Damages sufficient to compensate Plaintiff for her injuries, including back pay, lost wages and benefits and all other damages sufficient to compensate Plaintiff for his injuries;

b. Reinstatement or front pay;

c. Emotional distress damages;

d. Punitive damages and/or liquidated damages;

e. Pre-judgment and post-judgment interest;

f. Reasonable attorneys' fees and costs of this action; and

g. Any other relief that this Honorable Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 10, 2015

Respectfully submitted,

**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**

**JACQUELYN MCKAY**

By: /s/ Kathleen C. Chavaz
Kathleen C. Chavez, Esq. (#6255735)
Peter L. Currie, Esq. (#06281711)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street
Suite #200
Geneva, Illinois 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452

***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION

I, **JACQUELYN MCKAY** being first duly sworn under oath hereby state that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the allegations contained herein are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

**JACQUELYN MCKAY**

Jacquelyn L. McKay

Subscribed and Sworn to before
me this 3 day of Sept, 2015.

Notary Public

"OFFICIAL SEAL"
LIZETH ESQUIVEL
Notary Public, State of Illinois
My Commission Expires 04/26/19